UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

MARK JOSEPH KOSEK and
CAROL LYN KOSEK

Case Number: 5-19-01588
Chapter: 13

* Debtor(s)

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtors 2nd Amended Chapter 13 Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: April 1, 2020

SIGNED: *Lisa Manchak*

TITLE: /s/Legal Assistant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

*********************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MARK KOSEK and | : | |
| CAROL KOSEK | : | |
| | : | |
| Debtor(s) | : | CASE NO. 5-19-01588 |

*********************************************************************

**NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST**

*********************************************************************

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **April 22, 2020.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**Address of the Bankruptcy Clerk's Office:**
U.S. Bankruptcy Court
274 Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701
570-831-2500

Hours Open: Monday - Friday 9:00 AM to 4:00 PM

DATE: April 1, 2020          Tullio DeLuca, Esquire
                             PA ID# 59887
                             Attorney for Debtors/Movants
                             381 N. 9th Avenue
                             Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>MARK JOSEPH KOSEK<br>a/k/a Mark J, Kosek<br>a/k/a Mark Kosek<br><br>CAROL LYN KOSEK<br>a/k/a Carol Lynn Kosek<br>a/k/a Carol L. Kosek<br>a/k/a Carol Kosek<br>                        Debtor(s) | CHAPTER 13<br><br><br><br><br><br><br>CASE NO. **5-19-01588**<br><br>__ ORIGINAL PLAN<br>_X_ 2nd AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)<br>__ Number of Motions to Avoid Liens<br>__ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether of not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $3,468.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $116,756.00 plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/2019 | 03/2020 | $0.00 | $0.00 | $0.00 | $3,468.00 |
| 04/2020 | 04/2024 | $2,312.00 | $0.00 | $2,312.00 | $113,288.00 |
| | | | | Total Payments: | $116,756.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:   (X) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

   (  ) Debtor is over median income. Debtor calculates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00 (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ . All sales shall be completed by _____ . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____ .

**2. SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

__X__ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. If the Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

____ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Bank, N.A. | 18 Casey Ave., Old Forge, PA 18518 | 5802 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

____ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PNC Bank, N.A. | 18 Casey Ave., Old Forge, PA 18518 | $67,911.16 | $4,895.68 | $72,806.84 |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

___ None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

_X_ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 dates of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Lackawanna County Tax Claim Bur. | 18 Casey Ave., Old Forge, PA 18518 | $20,800.77 | None | $20,800.77 |
| PA Dept of Revenue | Personal Property on Schedule B | $1,676.79 | 6% $268.00 | $1,944.79 |

E. **Secured claims for which §506 valuation is applicable.** Check one.

___ None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

__X__ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extend or validity of the allowed secured claim for each claim listed below will be determined y he court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| Jefferson Capital Systems, LLC | 2007 Nissan Altima | $5,375.00 | 5% $711.00 | $6,086.00 | Plan |
| PNC Bank, N.A. | 18 Casey Ave., Old Forge, PA 18518 | Zero | None | Zero | Adversary |
| Claims Recovery Systems | 18 Casey Ave., Old Forge, PA 18518 | Zero | None | Zero | Adversary |
| LVNV Funding | 18 Casey Ave., Old Forge, PA 18518 | Zero | None | Zero | Adversary |

    F. **Surrender of Collateral**. Check one.

__X__      None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

___      The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of

the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

G. **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

__X__ None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| The name of the holder of lien. |  |  |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. |  |  |
| A description of the liened property. |  |  |
| The value of the liened property |  |  |
| The sum of senior liens |  |  |
| The value of any exemption claimed. |  |  |
| The amount of the lien. |  |  |
| The amount of lien voided. |  |  |

3. PRIORITY CLAIMS.

    A. **Administrative Claims**

        1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's Fees.</u> Complete only one of the following options:

   a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor ands the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   _____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

   _____ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §506 (a)(1)(B).** Check one of the following two lines.

__X__  None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

_____  The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__  None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   _____  To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Check one of the following two lines.

   __X__  None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   _____  The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ____ plan confirmation.
   ____ entry of discharge.
   _X_ closing of case.

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate Protection Payments
Level 2:     Debtor's Attorney Fees
Level 3:     Domestic Support Obligations
Level 4:     Secured Claims, Pro Rata
Level 5:     Priority Claims, pro rata
Level 6:     Specially classified unsecured claims
Level 7:     Timely filed general unsecured claims
Level 8:     Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.

Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 9,161.40(est.) |
| Tullio DeLuca, Esq., | $ 4,000.00 |
| PNC Bank, N.A. | $ 72,806.84 (arrears) |
| Jefferson Capital Systems | $ 6,086.00 (allowed secured claim) |
| Lackawanna County TCB | $ 20,800.77 (allowed secured claim) |
| PA Dept. of Revenue | $ 1,944.79 (allowed secured claim) |
| Unsecured Creditors - prorata basis | $ 1,956.20 |
| Total: | $ 116,756.00 |

The Chapter 13 Trustee payment shall be made to the following address:

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

Dated: April 1, 2020          /s/Tullio DeLuca
                              Attorney for Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

| | | |
|---|---|---|
| Rosebud Lending, LZO<br>PO Box 1147<br>27656 Research Park Dr.<br>Mission, SD 57555-1147 | SW Credit Systems, LP<br>4120 International Pkwy., Ste 1100<br>Carrollton, TX 75007-1958 | Scranton Cardiovascular Physician Service<br>746 Jefferson Ave.<br>Scranton, PA 18510-1624 |
| Sprint<br>PO Box 7993<br>Overland Park, KS 66207-0993 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Synchrony Bank/Old Navy<br>Attn: Bankruptcy Dept.<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank/Sam's Club<br>Attn: Bankruptcy Dept.<br>PO Box 965060<br>Orlando, FL 32896-5060 | Tek Collect<br>PO Box 1269<br>Columbus, OH 43216-1269 | Trident Asset Management<br>53 Perimeter Center East, Ste 440<br>Atlanta, GA 30346-2230 |
| (p) UGI UTILITIES INC<br>ATTN CREDIT & COLLECTIONS<br>PO BOX 13009<br>READING, PA 19612-3009 | United States Trustee<br>228 Walnut St., Ste 1190<br>Harrisburg, PA 17101-1722 | Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX 77210-4457 |
| Keystone Prosthetics & Orth<br>334 Main St.<br>Dickson City, PA 18519-1770 | LVNV Funding LLC<br>PO Box 10497<br>Greenville, SC 29603-0497 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 290603-0587 |
| Lackawanna County Tax Claim Bureau<br>123 Wyoming Ave, Ste 267<br>Scranton, PA 18503-2029 | Lackawanna County Tax Claim Bureau<br>135 Jefferson Ave.<br>Scranton, PA 18503-1716 | Medical Data Systems<br>2001 9th Ave., Ste. 312<br>Vero Beach, FL 32960-6413 |
| Midland Funding, LLC<br>2365 Northside Dr., Ste 300<br>San Diego, CA 92108-2709 | Mohegan Sun<br>Attn: Legal Dept.<br>1280 Hwy. 315<br>Wilkes-Barre, PA 18702-7002 | Moses Taylor Hospital<br>700 Quincy Ave.<br>Attn: Justin Davis CEO<br>Scranton, PA 18510-1798 |
| Moses Taylor Hospital<br>c/o PASI<br>PO Box 188<br>Brentwood, TN 37024-0188 | NCC<br>245 Main St.<br>Dickson City, PA 18519-1641 | NEI ASC, INC.<br>200 MIFFLIN AVE.<br>SCRANTON, PA 18503-1982 |
| Nationwide Insurance<br>Company of America<br>PO Box 13958<br>Philadelphia, PA 19101-3958 | PA Dept. of Revenue<br>Bankruptcy Division<br>Dept. 280946<br>Harrisburg, PA 17128-0496 | PNC Bank N.A<br>PO Box 94982<br>Cleveland, OH 44101-4982 |
| PNC Bank National Association<br>PO Box 94982<br>Cleveland, OH 44101-4982 | PPL Electric Utilities<br>827 Hausman Rd.<br>Allentown, PA 18104-9392 | PRA Receivables Management, LLC<br>PO BOX 41021<br>Norfolk, VA 23541-1021 |

Pennsylvania American Water
PO Box 578
Alton, IL 62002-0578

PA Dept. of Revenue
Bankruptcy Division
PO Box 280946
Harrisburg, PA 17128-0946

PA Physician Services, LLC
5665 New Northside Dr.
Atlanta, GA 30328-5831

PA Physician Services, LLC
700 Quincy Ave.
Scranton, PA 18510-1724

(p) Portfolio Recovery Associates LLC
PO Box 41067
Norfolk, VA 23541-1067

Professional Account Svcs.
PO Box 188
Brentwood, TN 37024-0188

Professional Neurological Assoc.
235 Main St.
Dickson City, PA 18519-1652

Receivables Performance Mgmt
20816 44th Ave. W
Lynnwood, WA 98036 - 7744

Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Resurgent Capital Services
PO Box 10675
Greenville, SC 29603-0675

Ability Recovery Svcs. LLC
PO Box 4031
Wyoming, PA 18644-0031

American Web Loan
2128 M. 14th St. #130
Ponca City, OK 74601-1831

Andrew A. Brown, DMD
632 Davis St.
Scranton, PA 18505-466

COMCAST
PO Box 1931
Burlingame, CA 94011-1931

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Carlucci Golden, DeSantis Funeral Home
318 East Drinker St.
Dunmore, PA 18512-2436

Cavalry Investments, LLC
500 Summit Lake Dr., Ste 400
Valhalla, NY 10595-2321

Cavalry SPI I LLC
500 Summit Lake Dr., Ste 400
Valhalla, NY 10595-2321

Claims Recovery Systems
6 E Main St.
Carnegie, PA 15106-2497

Comcast-PA
Attn: Bankruptcy
1555 Suzy St.
Lebanon, PA 17046-8318

Commercial Acceptance Co.
2 W Main St.
Shiremanstown, PA 17011-6326

Common Health
PO Box 1022
Wixom, MI 48393-1022

Credit Acceptance
25505 West Twelve Mile Rd., Ste 3000
Southfield, MI 48034-8331

Credit Collection Services
PO Box 607
Norwood, MA 02062-0607

Credit One
PO Box 98873
Las Vegas, NV 89193-8873

David A Troynacki, DMD
1524 Sans Souci Parkway
Wilkes-Barre, PA 18706-6028

David T. Owen, DDS
320 W. Drinker St.
Dunmore, PA 18512-1918

Charles J DeHart, III (Trustee)
8125 Adams Dr., Ste A
Hummelstown, PA 17036-8625

Dept. of Labor & Industry
Office of Chief Counsel
Tenth Floor Labor & Industry Bldg.
651 Boas St.
Harrisburg, PA 17121-0725

(p) DIRECTV LLC
Attn: Bankruptcies
PO Box 6550
Greenwood Village, CO 80155-6550

Directv, LLC
by American InfoSource LP as agent
4515 N Santa Fe Ave.
Oklahoma City, OK 73118-7901

ERC
PO Box 57547
Jacksonville, FL 32241-7547

First National Community Bank
102 E. Drinker St.
Dunmore, PA 18512-2491

First Premier Bank
PO Box 5524
Sioux Falls, SD 57117-5524

Inbox Loan
PO Box 881
Santa Rosa, CA 95402-0881

(p) Jefferson Capital Systems LLC
PO Box 7999
Saint Cliud, MN 56302-7999

John A. Fischer, OD PC
247 Main St.
Duryea, PA 18642-1030